UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE MARTEZ STALLWORTH,

        Petitioner,

v.                                              Case Number 09-14114
                                                 Honorable David M. Lawson

NICK LUDWICK,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner Andre Martez Stallworth filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Following a jury trial in the Oakland County, Michigan circuit court, the petitioner was convicted of three counts of armed robbery, one count of felon in possession of a firearm, one count of felonious assault, and five counts of possession of a firearm during the commission of a felony (felony firearm). He was sentenced as a second-felony habitual offender to concurrent prison sentences of twenty-nine to sixty years for each of the armed robbery convictions, three to seven-and-one-half years for the felon in possession conviction, and two to six years for the felonious assault conviction, all of which were to be served consecutively to five concurrent two-year prison terms for the felony firearm convictions. The petitioner alleges that he was denied the effective assistance of trial and appellate counsel.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate

Procedure 22.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court now concludes that the petitioner has failed to show that any decision of a state court relating to his claims was contrary to or an unreasonable application of clearly established federal law, and that reasonable jurists could not debate the Court's conclusions as to any of the issues that the petitioner raises.  The Court therefore will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

                                               s/David M. Lawson  
                                               DAVID M. LAWSON  
                                               United States District Judge

Dated:  April 8, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 8, 2013.

                               s/Deborah R. Tofil  
                               DEBORAH R. TOFIL